##### IN THE

# SUPREME COURT

##### OF THE

## STATE OF MISSOURI,

### MARCH TERM, 1854, AT ST. LOUIS.

---

### ROACH, Plaintiff in Error, *vs.* SETTLES & HUNTER, Defendants in Error.

1. The summary proceeding against a constable and his securities, under the 23d and subsequent sections of the 7th article of the act concerning justices' courts, (R. C. 1845,) must be before the justice who issued the execution, in respect to which the delinquency arose, or before his successor in office.

#### *Error to Marion Circuit Court.*

Proceeding against a constable and his securities for a failure to levy an execution and for a false return of the same. The execution was issued by Justice Lizenby, who afterwards died, and was succeeded in office by Wesley Lair. This proceeding was begun before Justice Roberts, who gave judgment against the constable and his securities for the amount of the execution and the statutory penalty. The constable appealed to the Circuit Court, where the suit was dismissed. The plaintiff appeals to this court.

*T. Van Swearingen*, for plaintiff in error.

*W. M. Cooke*, for defendants in error.

26—VOL. XIX.

RYLAND, Judge, delivered the opinion of the court.

1. This is a proceeding under the 23d, 24th, 25th, 26th and 27th sections of the 7th article of the act concerning " Justices' Courts," (R. C. 1845, p. 665, 666.) This proceeding is a summary one, and must be regulated by, and be in conformity with the provisions of the statute. It is not like a common law action on the official bond of the constable, but it is a summary mode of reaching the constable and his securities, for neglect of duty, either in failing to make return of the execution according to the command thereof, or in making a false return, or in failing to have the money collected on the execution before the justice on the return day ; or in failing to pay over, on demand, any money received in payment of any judgment, or upon any bond, &c., placed in his hands for collection. This proceeding commences by a summons, requiring the parties, that is, constable and securities, to appear at a certain place and time, not exceeding six days from issuing of the summons, and *show cause* why an *execution* shall not issue against him, the constable, or against him and his securities, for the amount due upon the execution, or received or collected, as the case may be. I shall not deem it necessary to name the various steps in this proceeding, as required in the above sections of the act. The party injured may, at his option, resort to another mode of redress. He may sue at common law on the official bond of the constable. If he seeks his redress in the summary mode, as pointed out by the statute, then the proceeding must be before the justice of the peace who gave the judgment and issued the execution originally, on which the constable's improper conduct arose, or before the successor in office of such justice. This summary proceeding cannot be had before another or a different justice. If the first be dead or out of office, then the successor to him is the proper officer before whom this proceeding can be had. Here the act complained of was the failure and neglect of the constable to levy the execution, and the making of a false return of and on the execution.

The record shows that the execution was issued by Jerry Lizenby, a justice of the peace, and it is admitted that said Lizenby had resigned his office, and that Wesley Lair, another justice, had possession of the docket of said Lizenby. The record shows that Lair was his successor. This proceeding is before William K. Roberts, a justice of the peace in the same township and county.

I pass by the minor points submitted by the parties, and proceed to give our views of the main question. This court is of opinion, that there can be no doubt, from the phraseology of the various sections of the above act, giving the remedy sought to be applied in this case, that such proceeding must be commenced before the justice of the peace, who issued the first execution, or his successor in office ; that Roberts, not being that justice, nor the successor of him, had no jurisdiction of the proceedings in this case, and that the court below very properly dismissed the suit. The other judges concurring, the judgment below is affirmed.